**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| DYLAN SCOTT CORRAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Civil Action No. 25-CV-10417-AK |
| v. | ) | |
| | ) | |
| WARDEN, FMC DEVENS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**
**PETITION FOR WRIT OF HABEAS CORPUS**

**KELLEY, D.J.**

Petitioner Dylan Scott Coral, proceeding pro se, has filed a Petition for Writ of Habeas Corpus [Dkt. 1] under 28 U.S.C. § 2241 challenging the constitutionality of a determination by the Federal Bureau of Prisons ("BOP") to involuntarily medicate him. Respondent has filed a Motion to Dismiss or, in the alternative, Motion to Transfer to the U.S. District Court for the Eastern District of California ("EDCA"). [Dkt. 12]. For the foregoing reasons, Respondent's [Dkt. 12] Motion to Dismiss is **GRANTED**.

I.    **BACKGROUND**

The following facts are drawn from the Petition unless stated otherwise. Because Petitioner is proceeding pro se, the Court construes his filings liberally and holds them to less stringent standards than formal pleadings drafted by attorneys. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

██████████████████████████████████████

██████████████████████████████ [See Dkt. 1-3 at 2]. On March 3, 2022, a federal

1

grand jury in EDCA returned an indictment charging Petitioner with one count of mailing threatening communications, in violation of 18 U.S.C. § 876(c).[1] See United States v. Corral, No. 22-CR-00048, Dkt. 1 (E.D. Cal. Mar. 3, 2022).  On August 18, 2024, the court found that Petitioner was not competent to stand for trial and ordered the government to commit him to hospitalization and treatment pursuant to 18 U.S.C. § 4241(d). See id., Dkt. 203.  He was subsequently transferred to FMC Devens in Ayer, Massachusetts, for restorative treatment. [See Dkt. 1 ¶¶ 2-3].

---

[1] The Court may take judicial notice of these proceedings. See Wiener v. MIB Grp., Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

Two days later, while making routine rounds, a correctional officer observed Petitioner "standing at his door yelling." [Dkt. 1-4 at 2]. Petitioner allegedly directed threatening remarks towards the officer, including, "I am going to be a school shooter when I get out of here," and "I am going to shoot you and your kids if they let me out." [Dkt. 1 at 9].

In response to these events, on December 30, 2024, Petitioner received written notice that a hearing had been scheduled for January 6, 2025, at which a psychiatrist would assess whether he met the criteria for involuntary medication. [Id. at 8]. ███████████████████

████████████████████████████████████████████████

████████████████████████████    ███████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

While Petitioner did not request a staff representative, he was appointed one, though the representative does not appear to have presented any evidence or made any arguments on Petitioner's behalf. [Id. at 2]. The only apparent evidence in favor of Petitioner was his own

testimony, in which he asserted that the incidents were "isolated" and that medication was "not necessary long-term or particularly useful." [Id. at 3].

Based on this evidence, the presiding psychiatrist concluded that the use of involuntary medication was justified, ██████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████   ███████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

Petitioner appealed the decision on January 11, 2025, which BOP denied on January 13, 2025. [Id. ¶ 7]. Sometime later, Petitioner appealed that denial, but BOP allegedly did not respond to the second appeal. [Id. ¶ 8]. ████████████████████████████████

████████████████████████████████

Petitioner filed the instant Petition on February 19, 2025, pursuant to 28 U.S.C. § 2241. [Id. ¶ 5]. Petitioner asserts two grounds for relief: first, that BOP's dangerousness determination was substantively unsound, and second, that his appeal was procedurally insufficient because BOP did not include an explanation for the denial. [Id. ¶ 13]. For relief, Petitioner requests "revers[al] [of] the administrative order to use involuntary medication." [Id. ¶ 15]. Respondents moved to dismiss the Petition for failure to state a claim on April 18, 2025 [Dkt. 12], to which Petitioner filed a Reply on May 1, 2025 [Dkt. 15].

On April 4, 2025, Petitioner was issued a certificate of competency pursuant to § 4241(d). [Dkt. 13 at 2]. As a result, Petitioner was transported from FMC Devens for a competency hearing in EDCA on June 10, 2025. See Corral, No. 22-CR-00048, at Dkt. 231. On July 31, 2025, the EDCA judge found that Petitioner was not competent to stand trial by a

preponderance of the evidence and ordered that he be committed for further treatment and hospitalization.[2] Id. at Dkt. 246.

## II.    LEGAL STANDARD

Federal courts' habeas jurisdiction arises under three related statutes: 28 U.S.C. §§ 2241, 2254, and 2255.  Each serves a distinct purpose.  Section 2241 authorizes federal courts to grant habeas relief to prisoners who challenge "the execution, rather than the validity" of a federal sentence. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999).  Section 2254 permits federal courts to hear federal constitutional challenges raised by inmates originally sentenced by a state court. See 28 U.S.C. § 2254(a).  Section 2255 provides the means by which federal prisoners may challenge the validity of their underlying federal convictions or sentences. See id. § 2255(a).

Habeas petitions are civil in nature and thus are generally governed by the Federal Rules of Civil Procedure ("FRCP" or "Fed. R. Civ. P"). See Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007).  In addition, petitions under Sections 2254 and 2255 are subject to their own discrete set of procedural rules that take precedence over the FRCP: the Rules Governing Section 2254 Cases in the United States District Court ("Section 2254 Rules") and the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").[3]  Section 2241 petitions are not subject to their own special set of rules, but a court may, in its discretion, apply the Section 2254 and Section 2255 Rules to them. See Rule 1(b), Section 2254 Rules. Where "not inconsistent with any statutory provision or [the Section 2254] rules," a court may

---

[2] As of the date of this Order, it is unclear to the Court if Petitioner was re-committed to FMC Devens or is presently at a different institution.  However, because the Court ultimately dismisses the Petition, the Court does not reach the resulting jurisdictional questions.

[3] These Rules were proposed by the Supreme Court to Congress pursuant to the Rules Enabling Act in 1976 and became effective the following year. See 28 U.S.C. § 2072 et seq.

apply the FRCP. See Rule 12, Section 2254 Rules.  Thus, on a motion to dismiss in response to a § 2241 habeas petition, the court applies the standard analysis under Fed. R. Civ. P. 12 regardless of whether the Section 2254 or Section 2255 Rules are applied. See Delgado v. Dennehy, 503 F. Supp. 2d 411, 413 (D. Mass. 2007) ("Motions to dismiss habeas petitions pursuant to Fed. R. Civ. P. 12(b)(6) are not inconsistent with habeas rules.").

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

6

### III.    DISCUSSION

#### A.  Habeas Relief

Respondent argues that relief under 28 U.S.C. § 2241 is unavailable because Petitioner's claims challenge the conditions of his confinement rather than the fact or duration of that confinement.[4] [Dkt. 13 at 4-5].  The Court agrees that such claims ordinarily are not cognizable in a habeas petition.  Nevertheless, in light of Petitioner's pro se status, the Court construes the Petition as if it were a properly filed civil rights action and declines to dismiss the case on that ground.

A petition for habeas corpus under Section 2241 is available for prisoners seeking to challenge the fact or duration of incarceration. Muhammad v. Close, 540 U.S. 749, 750 (2004). This includes, for example, challenges to disciplinary proceedings that result in the loss of good-time credits, as the practical effect of such a sanction would be to extend the duration of incarceration. See Preiser v. Rodriguez, 411 U.S. 475, 487-88(1973).  By contrast, habeas petitions are not permitted where the petitioner challenges the "conditions of [his] confinement." Nelson v. Campbell, 541 U.S. 637, 643, 650 (2004).  This includes, for example, challenges of disciplinary sanctions resulting in loss of visitation or commissary, or constitutional complaints against prison sanitary conditions, or—as relevant here—involuntary medication. See Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004).  These types of challenges must be brought pursuant to other legal vehicles.  For state prisoners, these should be brought as claims under 42 U.S.C. § 1983 (for damages) or Ex Parte Young, 209 U.S. 123 (1908) (for injunctions); for federal prisoners, they should be brought as claims under Bivens v. Six Unknown Named Agents

---

[4] Respondent's Motion to Dismiss also includes arguments applicable if the Court "construe[s] Corral's Petition as a challenge to his confinement at FMC Devens." [Dkt. 13 at 5-6].  The Court does not construe the Petition in such manner and so does not address those arguments.

of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Kane, 319 F. Supp. 2d at 213, 215

("[M]ost challenges to the constitutional adequacy of medical care should proceed as civil rights

claims under Bivens or Section 1983."); Webb v. United States, No. CIV. 09-40048, 2011 WL

1045097, at *7 (D. Mass. Mar. 18, 2011) (citing Farmer v. Brennan, 511 U.S. 825, 846 (1994))

(finding that Bivens claims are available for claims seeking damages or injunctive relief).

Here, Petitioner's claim is brought under Section 2241 as a challenge to the "conditions

of [his] confinement." [Dkt. 1 ¶ 5].  For example, he argues that the incidents forming the basis

of the hearing psychiatrist's decision were "isolated" and did not show a pattern of behavior, that

the hearing officer did not consider alternatives like counseling, and that the denial of his appeal

was procedurally insufficient because it did not provide an explanation. [See id. at 6-7, 10 n.2;

Dkt. 1-3 at 3].  However, habeas petitions are not available for such claims because there is no

challenge to the fact or duration of Petitioner's confinement. Muhammad, 540 U.S. at 750.  He

does not argue that the hearing extended the duration of his confinement, nor that he should not

be confined at all.  Accordingly, Petitioner's Petition is improperly filed.

The Court nevertheless declines to dismiss the Petition on this ground.  As another

session of this Court has observed, pro se prisoners face substantial challenges in navigating the

complexities of habeas and civil rights claims, and it would seem "inappropriate[]" to "dismiss[]

prisoner suits for inartful pleading" alone. Kane, 319 F. Supp. 2d at 215-18.  In certain

circumstances, the delays and inefficiencies associated with requiring amendment of the

pleadings would serve little substantive purpose, while prolonging resolution of the dispute at the

expense of the petitioner. See id.  The Court finds such circumstances present here.  This matter

has already been pending in the Court for over a year.  The incidents and administrative hearing

at issue have already occurred, and no further factual development appears to be necessary. Id. at

217. The case turns on the "analysis of facts already submitted, not intricacies of civil rights law," and any legal arguments relate to whether the basis for Petitioner's involuntary medication determination comports with due process. Id. Petitioner has already articulated the relevant arguments for that inquiry.

The Court acknowledges that other courts in this circuit have dismissed similar habeas petitions that challenged the conditions of confinement. See id. at 214 (collecting cases dismissing habeas petitions). The Court nevertheless concludes that the particular facts and procedural posture of this case do not warrant dismissal. Accordingly, the Court construes the Petition as if it were a properly pleaded civil rights action under the Due Process Clause of the Fifth Amendment.

### B. Due Process

Petitioner challenges BOP's decision to forcibly medicate him on both substantive and procedural grounds. [See Dkt. 1 ¶ 13]. Taking Petitioner's facts as true for purposes of this Motion and construing the claims as brought under the Fifth Amendment, the Court finds that Petitioner has failed to plead sufficient facts supporting the conclusion that his due process rights were violated.

The Supreme Court has recognized that "an individual has a constitutionally protected liberty 'interest in avoiding involuntary administration of antipsychotic drugs.'" Meyers v. Health & Hosp. Corp., No. 13-CV-1258, 2014 WL 4160796, at *4 (E.D.N.Y. Mar. 28, 2014) (quoting Sell v. United States, 539 U.S. 166, 178-79 (2003)), adopting report and recommendation, 2014 WL 4161975 (E.D.N.Y. Aug. 19, 2014). Such rights are cognizable under the Due Process Clause of the Fifth and Fourteenth Amendments. See United States v. Hardy, 724 F.3d 280, 295 (2d Cir. 2013); Lewis v. Frayne, No. 12-CV-1070, 2016 WL 3919793,

at *7 (D. Conn. July 18, 2016). To justify forcible administration of medication against that liberty interest, the government must show that "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.'" Meyers, 2014 WL 4160796, at *4 (quoting Washington v. Harper, 494 U.S. 210, 227 (1990)); Hardy, 724 F.3d at 295-97 (applying test to pretrial detainees on restoration orders); United States v. Loughner, 672 F.3d 731, 744 (9th Cir. 2012) (same); United States v. McAllister, 969 F. Supp. 1200, 1204-07 (D. Minn. 1997) (same). In Washington v. Harper, the Supreme Court established both substantive and procedural safeguards to ensure that due process is satisfied in making such determinations. 494 U.S. at 220. On procedure, the inquiry is "whether the State's nonjudicial mechanisms used to determine the facts in a particular case are sufficient"; on substance, the question is "what factual circumstances must exist before the State may administer antipsychotic drugs to the prisoner against his will." Id.

### 1. Procedural Due Process

At issue in this case are the hearing procedures implemented by FMC Devens in determining that Petitioner must be involuntarily medicated. Petitioner argues that the evaluating psychiatrist failed to consider less intrusive alternatives, such as counseling, before recommending the forced administration of medication. [Dkt. 1 at 10 n.2]. He also claims that the appeals process was insufficient because the denial did not provide an explanation. [Id. ¶ 13].

The procedures for the involuntary administration of psychiatric medication for federal detainees are provided in 28 C.F.R. § 549.46.[5] Under the regulations, detainees must be given an

---

[5] These procedures were adopted by the Bureau of Prisons in 1992 after Harper. See 57 Fed. Reg. 53820 (Nov. 12, 1992). BOP's procedures were initially listed at 28 C.F.R. 549.43, but in 2011, the regulation was clarified and renumbered as 28 C.F.R. 549.46. United States v. Mann, 532 Fed. App'x 481, 487 n.4 (5th Cir. 2013).

administrative hearing. 28 C.F.R. § 549.46(a).  They must receive at least 24-hour advance written notice of the hearing.  Id. § 549.46(a)(2).  During the hearing, the inmate has the right to appear, to present evidence, to call witnesses, and to have a staff representative. Id. § 549.46(a)(3).  The hearing must be held by a psychiatrist "who is not currently involved in the diagnosis or treatment of the inmate." Id. § 549.469(a)(4).  Moreover, "[a] treating/evaluating psychiatrist/clinician, who has reviewed the case, must be present at the hearing and must present clinical data and background information relative to the inmate's need for psychiatric medication." Id. § 549.46(a)(6).  At the close of the hearing, the presiding psychiatrist "must determine whether involuntary administration of psychiatric medication is necessary because, as a result of the mental illness or disorder, the inmate is dangerous to self or others, poses a serious threat of damage to property affecting the security or orderly running of the institution, or is gravely disabled." Id. § 549.46(a)(7).  The psychiatrist must then "prepare a written report regarding the . . . decision" and promptly provide a copy to the inmate. Id. § 549.46(a)(8).  The inmate may then appeal an adverse decision, and while that initial appeal is pending, medication may not be administered. Id. § 549.46(a)(9).  The officer reviewing the appeal must "ensure that the inmate received all necessary procedural protections, and that the justification for administering psychiatric medication is appropriate." Id.

Courts have generally upheld the constitutionality of the BOP procedures under the framework established in Harper. See U.S. v. Hardy, 878 F. Supp. 2d 373, 381 (E.D.N.Y. 2012), aff'd, 724 F.3d 280 (2d Cir. 2013); McAllister, 969 F. Supp. at 1206-08 ; United States v. Morgan, 193 F.3d 252, 263 (4th Cir. 1999) ("[U]nder Harper, the administrative safeguards contained in 28 C.F.R. § 549.93 . . . adequately protect the due process rights of a pretrial detainee for whom treatment with antipsychotic medication is necessary because he poses a

danger to himself or to others in the institutional setting."); United States v. Humphreys, 148 F. Supp. 2d 949, 953 (D.S.D. 2001) ("Since 28 C.F.R. § 549.43 is essentially identical to the policy analyzed in Harper, the Court finds that the provisions of section 549.43 comport with due process."). Thus, the question before the Court is not whether the BOP regulations are constitutional, but whether FMC Devens followed these requirements.

Here, Petitioner was given all the process he was due. He was given notice of his hearing seven days in advance, he attended the hearing, he was given the right to call witnesses, and he was appointed a staff representative despite initially declining one. [Dkts. 1 at 8-9; 1-3 at 2, 4-5].

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ Petitioner was given a copy of the written decision that approved of the involuntary medication, and he was given an opportunity to appeal the decision. [Id. ¶ 7]. As such, the record shows that the administrative hearing was conducted in accordance with the due process requirements in Harper and 28 C.F.R. § 549.46.

Petitioner's argument regarding the hearing psychiatrist's failure to consider less intrusive alternatives appears to be a reference to the Supreme Court's decision in Sell v. United States, 539 U.S. 166 (2003). In Sell, the Court held that use of involuntary medication must be "necessary," which includes an analysis of alternatives. Id. at 181. However, that holding was

limited to the context of involuntary medication for the purpose of restoring a defendant's competency to stand trial; the Court expressly distinguished this scenario from Harper, which addresses a determination of dangerousness. Id. at 181-82 ("A court need not consider whether to allow forced medication for that kind of purpose, if forced medication is warranted for a different purpose, such as the purposes set out in Harper related to the individual's dangerousness . . . ."); see also Perkins v. Stanton, No. CV 13-1133, 2014 WL 13139327, at *7-8 (D. Minn. July 1, 2014), report and recommendation adopted, No. 13-CV-1133, 2014 WL 13139326 (D. Minn. July 31, 2014) (explaining that determinations under Sell are a different procedural context than Harper hearings). As the BOP procedures have already been found to be in accordance with Harper, the Court declines to find that the consideration of alternatives was constitutionally mandated here.

Similarly, the BOP regulations do not require a reviewing officer to provide an explanation for denying an appeal. 28 C.F.R. § 549.46(a)(9) requires only that the officer "ensure that the inmate received all necessary procedural protections, and that the justification for administering psychiatric medication is appropriate." Here, Petitioner's appeal denial form states that the reviewing officer "reviewed the initial decision" and found that Petitioner "received all necessary procedural protections" and that "the proposed action is appropriate." [Dkt. 1-5 at 2]. These procedures conform to 28 C.F.R. § 549.46(a)(9). Thus, as the BOP regulations have been upheld as consistent with Harper, the Court finds that Petitioner was afforded all the procedure he was due.

### 2. Substantive Due Process

Petitioner challenges the substantive bases of the hearing psychiatrist's decision. He highlights that the two incidents from December 23 and 25, 2024, were "isolated" events that did

not demonstrate ongoing dangerousness. [Dkt. 1 at 9].  Moreover, Petitioner asserts that the fact that he damaged only a locker—rather than harming any person—reflected an ability to exercise self-control and undermined any finding of danger. [Id.].  Finally, he argues that because he was housed alone in a secured housing unit, he could not present a meaningful risk to any person or property. [Id.].

When BOP medical professionals determine that involuntary medication for a particular defendant is justified, "[c]ourts are to defer to the judgment of [those] medical personnel" so long as procedural protections are met. Batts v. Boganoff, No. 04-CV-1191, 2005 WL 3543774, at *6 (D. Conn. Dec. 8, 2005) (quoting Harper, 494 U.S. at 233).  As such, a court reviews a finding of dangerousness by a BOP psychiatrist under an "arbitrariness" standard. See Loughner, 672 F.3d at 757; Morgan, 193 F.3d at 262; Humphreys, 148 F. Supp. 2d at 953-54; United States v. Keeven, 115 F. Supp. 2d 1132, 1140 (E.D. Mo. 2000).  In conducting such review, courts must "recognize that 'deference . . . is owed to medical professionals who have the full-time responsibility of caring for mentally ill inmates . . . and who possess, as courts do not, the requisite knowledge and expertise to determine whether the drugs should be used in an individual case." Loughner, 672 F.3d at 757 (quoting Harper, 494 U.S. at 230 n. 12); see Morgan, 193 F.3d 262 (finding due process satisfied absent any indication "medical personnel failed to exercise professional judgment or otherwise acted arbitrarily in determining that [defendant] should be forcibly medicated"); Keeven, 115 F. Supp. 2d at 1140 ("The court further finds that the decision to involuntarily medicate defendant was not arbitrary but was based on the professional judgment of the medical staff at FMC Carswell finding defendant dangerous to herself or others in the institutional setting.").  Courts have found that evidence of past incidents involving threats of obtaining firearms or injuring others can sufficiently support a finding that

an individual poses a danger. See Hardy, 724 F.3d at 296-97; Ferch v. Jett, No. 14-CV-1961, 2016 WL 11394991 (D. Minn. Jan. 28, 2016), report and recommendation adopted as modified, 2016 WL 916416 (D. Minn. Mar. 10, 2016).

Here, the hearing psychiatrist's determination that Petitioner may pose a danger was not arbitrary and was reasonably based on the evidence before him. Petitioner submits that he directed threatening language to an officer on December 25, 2024, and that he physically damaged a locker on December 23, 2024. [Dkt. 1 at 8-9]. While Petitioner argues that the locker incident was not indicative of dangerousness because he did not physically injure a person [id. at 9], BOP regulations permit a finding of dangerousness based on risk to either to persons or property. See 28 C.F.R. § 549.46(a)(7). As to Petitioner's argument that these were isolated events [Dkt. 1 at 9], the Court finds that the weight afforded to the frequency and severity of incidents is a judgment best left to medical professionals; the Court thus defers to the hearing psychiatrist's determination that these two incidents are sufficient to support a finding of dangerousness.

## IV.    CONCLUSION

For the foregoing reasons, Respondent's [Dkt. 12] Motion to Dismiss is **GRANTED**.

**SO ORDERED.**

Dated: April 3, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

15